# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NAQUAN DEVELL MOORE,<br><br>  Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Case No. 16-CV-1073-JPS<br>Criminal Case No. 14-CR-158-1-JPS<br><br>**ORDER** |

On August 11, 2016, the petitioner, Naquan Devell Moore, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket #1). On October 24, 2016, the government filed a response to the motion. (Docket #5). Mr. Moore did not file a reply brief.

Mr. Moore argues that his conviction under 18 U.S.C. § 924(c)—brandishing a firearm during or in relation to a crime of violence—must be vacated under the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Docket #1). Notwithstanding *Johnson*, the Court agrees with the government that Mr. Moore's conviction for federal armed bank robbery supports his Section 924(c) conviction because armed bank robbery has as an element the use, attempted use, or threatened use of force.[1] *See* 18 U.S.C. § 2113(a)-(d); 18 U.S.C. § 924(c)(3)(A). Thus, because Mr. Moore's

---

[1] The definition of a "crime of violence" under the Armed Career Criminal Act ("ACCA") includes language which tracks both the "residual clause" (the subject of *Johnson*) and the "elements clause" (which *Johnson* did not address) of Section 924(e)(2)(B). *See* 18 U.S.C. § 924(c)(3). The Seventh Circuit has made clear that *Johnson* did not call into question the applicability of the "elements" clause embodied in 18 U.S.C. § 924(c). *See McKinney v. United States*, No.16-2210, at *2 (7th Cir. June 8, 2016).

Section 924(c) conviction is unaffected by *Johnson*, his motion for relief will be denied.

In essence, Mr. Moore argues armed bank robbery is not a "crime of violence" as that term is defined in Section 924(c); and, as such, his conviction for brandishing a firearm in relation to a crime of violence must be vacated. Section 924(c) defines a "crime of violence," in part, using language that is similar to the "residual clause" that was struck down as unconstitutionally vague in *Johnson*. *See* 18 U.S.C. §§ 924(c)(3)(B); 924(e)(2)(B). However, Section 924(c) *also* defines a "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3)(A) (the "elements clause"). Federal law defines armed bank robbery as the taking "by force and violence, or by intimidation," of bank property "from the person or presence of another." *See* 18 U.S.C. § 2113(a).

Federal armed robbery is a crime of violence because it has as an element the use of force, *i.e.*, it satisfies the elements clause of Section 924(c)(3)(A). *See Simmons v. United* States, No. 16-2630, at *1-2 (7th Cir. July 21, 2016) (explaining that "[b]ecause the elements clause of § 924(c) encompasses crimes that have 'as an element the use, attempted use, or threatened use of physical force against the person or property of another,'" 18 U.S.C. § 924(c)(3)(A), the classification of federal bank robbery as a crime of violence is unaffected by *Johnson*); *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (concluding that bank robbery by intimidation remains a crime of violence after *Johnson*); *United States v.*
Page 2 of 6

*Steppes*, No. 15-10243, 2016 WL 3212168, at *1 (9th Cir. June 10, 2016) (concluding that bank robbery is a crime of violence under elements clause of § 924(c)(3)); *In re Hines*, No. 16-12454-F, 2016 WL 3189822, at *3 (11th Cir. June 8, 2016) (denying application for successive § 2255 because "a conviction for armed robbery clearly meets the requirements for an underlying felony offense" under the elements clause); *Clark v. United States*, No. 11-CR-30-2-JPG, 2016 WL 845271, at *25 (E.D. Wis. Mar. 4, 2016) ("Every decision the Court has found to have considered the issue has concluded that bank robbery and similar crimes constitute crimes of violence under the range of statutes that Johnson's reasoning might affect.") (collecting cases).

The fact that the federal armed bank robbery statute includes the word "intimidation" is of no moment. *Simmons*, No. 16-2630, at *1-*2; *McKinney*, No.16-2210, at *2-*3. To the contrary, the Seventh Circuit has held that "intimidation" in this context contemplates the use of force. *See Simmons,* No. 16-2630, at *2 ("This court has defined intimidation as the threatened use of force.") (citing *United States v. Gordon*, 642 F.3d 596, 598 (7th Cir. 2011)) ("[I]ntimidation exists when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force."); *see also United States v. Smith*, 131 F.3d 685, 688 (7th Cir. 1997) ("[I]ntimidation is a reasonable fear that resistance will be met with physical force."). This Court, therefore, will deny Mr. Moore's petition to vacate, correct, or set aside his sentence. *See Simmons*, No. 16-2630, at *1-*2*; Clark*, No. 11-CR-30-2-JPG, 2016 WL 845271, at *25

(collecting cases); *United States v. Mitchell*, No. 15-CR-47, 2015 WL 7283132 (E.D. Wis. Nov. 17, 2015).

Finally, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Mr. Moore must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of the case law outlined above, the Court cannot fairly conclude that reasonable jurists would debate whether Mr. Moore's motion should be decided differently; as a consequence, the Court is compelled to deny a certificate of appealability as to Mr. Moore's motion.

Finally, the Court closes with some information about the actions that Mr. Moore may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry

of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Mr. Moore's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2016.

BY THE COURT:

s/ *J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge